Next case is People v. Ariel v. Mix 5-140603 and Mr. Durango, if you're ready, start whenever you're ready, if you'd like. Good morning, Your Honors. Good morning. My name is Santiago Durango. I'm an assistant appellate defender with the Office of the State Appellate Defender. I represent the defendant appellant in this case, Ariel Mix. May it please the Court, today I'll be asking the Court to reverse Ms. Mix's convictions of home invasion and robbery. There are a number of issues that I have raised on behalf of the defendant in this appeal. Today I would like to focus on the first two issues, but of course I will be more than happy to try and answer any questions the Court may have about the other issues in the case. The first issue in this case is whether the Court correctly granted a continuance to allow the State to obtain DNA test results. The defendant's argument is that the State failed to show due diligence in obtaining the test results, and therefore the continuance was incorrectly granted by the trial court. The points I would like to underscore for the Court on this issue, the points that I believe show that the State failed to show due diligence, are as follows. First, the State, in its motion requesting the continuance, did not state when the samples were dropped off by the Carbondale police at the Carbondale lab. Next, the State failed to say when the samples were then transferred from the Carbondale lab to the Belleville lab. The State also failed to state whether it first informed the labs that the trial was set for June 23, 2014. The State failed to state whether it informed the labs that no continuances had been granted in the case, indicating to the laboratories that the testing needed to be carried out without delay. And the State failed to explain to the Court why the evidence was material. Basically, what happened here was that the State submitted the samples expeditiously, let's say, and then forgot about them. This Court, in battle, stated that is not enough. And we can contrast what happened in this case with what happened in Spears, where the Court noted that in that case, the prosecution had been in regular contact with the laboratories. So for these reasons, the defendant contends that the State failed to make a sufficient showing of due diligence in obtaining the DNA results in this case. As a result, the trial date was extended beyond the 120-day term without the proper basis in the record for doing so, and the defendant was prejudiced as a result of that unwarranted extension of the trial date. The counsel failed to object. He had no reason for not objecting. He knew what the information, what the evidence was in the trial, and there was no reason for not objecting at that point. His failure to object therefore prejudiced the defendant by causing her to be tried beyond the 120-day term in this case. Those were the points I wanted to underscore for the Court regarding the first issue, regarding the continuance of the case for the results of the DNA test. The second issue I would like to bring attention, bring some points to the Court's attention in regards to the second issue, which raises the question of what is a dwelling? In this case, a motel room in Carbondale was used to sell heroin. The purpose of the motel room was therefore not as a dwelling, not to be used as a dwelling, but as a drug house, as a drug store. When you found that he slept there? Well, the evidence at trial as presented and urged to the trial court by the State was that he, the seller, the heroin seller, was beat up and robbed while he was still awake. The only evidence that he slept in that room came from him, but the State urged the jury to discount that evidence. It is not taking a contrary position in this appeal saying that his testimony should be given weight, whereas in the trial court it argued that his testimony should not be given weight. Now, our contention on that point, pardon me, is that the State has collaterally stopped from switching positions. And let's assume that he did sleep in the motel room. Our point in this, as to this issue, is that it's the purpose of what the room is used for that controls. So in this case, let's say that he had only rented the room for one day to sell his drugs. At that point, is it a dwelling or is it a drug store for illegal contraband, cannabis, heroin in this case? I urge the court to find that in that situation the purpose shows that it was not a dwelling. Now, it just happens that in this case he was there for two days. We really don't know whether he slept or not based on the evidence that the State urged the jury to accept. But when you think of the situation where he would have rented the room just for an afternoon, it's a motel room. It appears to be a dwelling, but it was not used as a dwelling. It was used as a drug house. Because it was used as a drug house, as a place to sell drugs, our contention is that what occurred here was not a home invasion. And since it was not a home invasion, the defendant's conviction for home invasion should be reversed. Those were the two key issues that I want to bring to the court's attention today. If the court has any questions about any of the other issues which concern the jury instructions, we ask for an accountability instruction that it was error not to give an accountability instruction. I'm sorry, not an accountability, but an accomplice witness instruction. And we also argue that it was error not to give a drug addict instruction. We also argued that there was cumulative error in this case. And also, and finally, that there was a ZERR error in that the panel was not correctly questioned under ZERR and Supreme Court Rule 431B. If the court has any questions about those issues, I would be more than happy to try to answer them. Thank you. And you'll have time for rebuttal. Thank you, Your Honor. Ms. Camden. May it please the Court? Counsel. Jennifer Camden on behalf of the people. The defendant today presented the first issue, the speed of trial issue, squarely as though it had been preserved below. But in the opening brief, the defendant presented it in the frame of ineffective assistance of counsel, specifically whether counsel was ineffective for failing to move for a discharge in July after the 120-day period ended. Now, the State's first response to that in the answer brief was that any motion for discharge would have failed because defense counsel in the court below agreed to the State's motion for continuance. And in light of the defendant's reply brief and her argument today, the parties apparently disagree about whether the defendant also argued in the opening brief that defense counsel was ineffective for failing to object to the State's motion for continuance in June, separate from the issue of whether counsel was ineffective for failing to move for a discharge in July. Now, the reply brief at page 1 argues that she did argue this separate theory of ineffective assistance in the opening brief. In that, on page 18 of the opening, she mentioned that defense counsel was the only defense lawyer of the three, representing the other two co-defendants, who did not object to the State's motion for continuance. But the defendant didn't say in the opening that counsel should have objected. She only noted that he did not in the context of arguing ineffective assistance based on failure to move for discharge. I note that the next sentence in page 18, after the one to which she refers, invokes the standard for ineffective assistance based on failure to move for discharge. And she then argued that counsel would have prevailed on a motion for discharge. I'd also point the Court to pages 11 and 18 and 19 of the opening brief, in which, again, the defendant framed the issue on appeal as whether counsel was ineffective to move for discharge, not based on his decision a month prior to agree to the State's motion for continuance. Now, perhaps recognizing that problem, the defendant in a reply brief at page 1 argues that the opening necessarily encompassed the claim that defense counsel also should have objected at the June hearing on the State's motion. The State, again, disagrees. This Court and the appellee are entitled to have the issues clearly presented. And defendants simply did not argue this alternate theory of ineffective assistance in the opening brief. Also, I have to point out that defendant is not the first appellant ever to argue ineffective assistance based on failure to move for discharge after defense counsel agreed to a continuance. That's exactly what happened in the State's cited cases, McIntosh and Stewart. And in both of those cases, the appellate court did not construe the defendant's argument concerning ineffective assistance to move for discharge as encompassing a claim of ineffective assistance based on agreeing to a continuance. Also, the defendant in the reply brief claims that the State's position in this case is that her speedy trial argument is forfeited because defendant did not argue ineffective assistance based on counsel's failure to object to the motion for continuances. The State disagrees. The State's argument in the answer brief was that defendant can't meet her burden of proving counsel was ineffective for failing to move for discharge because the motion wouldn't have succeeded because counsel agreed to the continuance. It was defendant herself who conceded in the opening brief at page 18 that her speedy trial argument is forfeited. Now, the defendant in the reply argues that even if the speedy trial claim is forfeited, this Court can and should view it as plain error. But again, it was defendant who conceded that it was forfeited. The issue isn't whether it was forfeited. It was whether defendant can prevail on her claim of ineffective assistance based on her failure to move for discharge. That's the tactic in the opening brief that defendant was forced to adopt because of that conceded forfeiture. Now, the defendant in the reply cites this rule that a defendant may raise plain error for the first time in a reply brief, and sometimes that's true, but that rule was meant for the situation in which the State in the answer brief raises the issue of forfeiture. It wasn't meant to apply where the defendant, as here, concedes forfeiture in the opening brief. So the defendant's new gambit in the reply brief and here today on appeal, an argument of arguing a new theory of ineffective assistance is forfeited under Rule 341, just like any other new issue raised for the first time in a reply brief. Alternatively, I have to point out the defendant would lose any plain error challenge because there's no speedy trial violation where defense counsel agreed to a continuance. And because she's stopped from challenging a court order to which she agreed. The defendant also argues that this Court should consider the merits of the speedy trial claim in the interest of judicial economy because there is a full factual record. That's in the reply pages 2 and 3. Well, that position conflicts with the defendant's position in the opening brief and her position today, in which she complains in the opening brief at pages 3 and 16 through 18 about certain failures, which she then repeated today concerning the lack of a record of certain dates of when the DNA sample material was forwarded to the testing labs. On the merits, I want to point out that although the defendant argues that there's no showing of steps that were taken by the State to expedite testing, the State's motion to which, again, defense counsel agreed, stated that the State tried without success to obtain the agreements of all three defendants that the samples could be consumed in order to expedite results. The co-defendants refused. Also, of course, the two transfers of the materials between the various crime labs in the State of Illinois were out of the State's hands. On this evidence, the trial court did not clearly abuse its discretion in granting the State's motion for continuance. I also want to note that the defendant in the reply brief at pages 3 and 4 notes that both other defendants did object to the State's motion, and she argues that the State therefore had a chance to explain its attempts at due diligence and failed. However, the other defendants' objections to that continuance were cursory pro forma. The counsel for those defendants didn't explain their basis. And that's at page T39 and 40 of the transcript. But those other defendants certainly didn't challenge whether the State's motion made an adequate showing of due diligence. That issue was absolutely never raised by anyone in the court below. The silence in the record on the points that the defendants raised is construed against the defendant. Moving on to issue 2, I want to push back on the defendant's assertion that we don't know whether the victim ever slept in that motel room. The defendant in the opening brief conceded that it was a reasonable inference from the evidence that the victim had slept there the night before. Recall that he checked into this motel room on March 13th and that he was attacked the next day on March 14th. The defendant conceded that it was reasonable to infer that he slept there the night before. Also, the victim sustained a brain injury in the attack. He testified about what he remembered. And what he remembered, the last thing that he remembered from that night was falling asleep. He didn't remember the subsequent attack. And I disagree with the defendant's argument that it was the State's position in the answer brief that the victim was attacked in his sleep or that the victim testified that he was attacked in his sleep. Of course, he never testified that he was attacked in his sleep. He testified that he didn't recall being attacked at all. The last thing he remembered was falling asleep that night. His testimony that that was the last thing that he remembered is perfectly consistent with the other evidence of what occurred that night. The police found him after a distress call issued from somewhere in the motel, or a call of a disturbance. The police found him there on the floor, half undressed, next to a bed that had obviously been slept in, with his personal possessions strewn around him. From that evidence and the other evidence discussed in the people's answer brief, it was reasonable to infer, a rational fact finder reasonably could have found, that the motel room was a dwelling under the home invasion statute, and therefore the evidence was sufficient on that element of the crime. I also want to push back on some points raised in the reply brief at pages 7 and 8 concerning these issues. The defendant argues that the State could have proved that he actually resided in the motel room and cites Frisbee for the proposition that the purpose for which a structure is used determines its dwelling. Frisbee determines whether it's a dwelling. Frisbee relied on bails, and bails is discussed at pages 13 through 15 of the answer, and I'll refer the Court to those pages of the answer in response to both of those points. The State wasn't required to prove that the motel room was a residence, was his residence, under the home invasion statute, and post-bails the statutory definition of dwelling was amended to separate that word as it's used in the residential burglary statute and that word as it's used in the home invasion statute. I also want to note in response to issue 3 that the reply brief at pages 12 and 13, the defendant concedes that witness Pemberton had no deal, but claims that the jury still needed to be instructed that she had a motive to testify falsely, given her, quote, lifestyle, and I'm presuming that he's referring, she's referring to Pemberton's admitted history of drug use and prostitution. This is in reference to the defendant's argument that the jury needed to receive the accomplice witness instruction with regard to Pemberton. But the purpose of the accomplice witness instruction relates to a witness motive to testify falsely in exchange for lenience with regard to his or her role in the charged crime, not unrelated future crimes that the witness, like any witness, may commit. All right. I'm not sure what the purpose of the plain error rule is if it isn't to allow corrections of fault-fitted issues. When the State argues that the defendant is guilty of a crime,   that a fault-fitted issue cannot be reached under the plain error rule, I'm not sure that that is the correct statement of the law. The State also argues that the ineffective assistance of counsel claim as to the first issue was inadequate. The argument, clearly, is that counsel should have objected to granting a continuance to the State. Because he failed to do so, he, as a result of that, the defendant was prejudiced. He, as I mentioned in the briefs, in the opening briefs, should have filed the motion to discharge and the motion, the post-trial motion, preserving the issue. Of course, you can't file those motions if you don't make the objection. It's implicit in the motion that the objection should have been made. So by arguing that he should have filed the motion to discharge and the post-trial motion, obviously that encompasses an objection to the continuance. And so whether it's an ineffective assistance of counsel, whether it's under the plain error rule, or whether it's under the constitutional exception to forfeiture, which allows this Court to consider the issue so as to avoid delay in bringing the claim in the post-conviction petition, this Court can reach the issue in either of those three ways, or in any of those three ways, partly. The State argues that there was not a full factual record made based on the objections of the other attorneys to the continuance. But the State does not explain what else the Court needed at that point. The Court, the burden is on the State to show that it had made, that it had shown due diligence in requesting the extension. The State did not show due diligence. And what the State is arguing right now really is that it was up to the defendants to show that it had not shown due diligence, when in fact it's the other way around. The burden is on the State, not the defendants, when the question of due diligence is before the Court. Here, simply put, the State did not show due diligence. One of the arguments made by the State is that the record is incomplete, because the State did not provide the dates for when the samples were transferred from lab to lab. Well, that is the problem. The record, I guess the State is conceding that the record is incomplete and that they failed to show due diligence, but not including the dates in which the samples were transferred from one lab to another in their motion asking for the continuance. The State just made an argument about Frisbee and what the purpose of a, that it's the purpose of what the structure is used for, that controls. Frisbee was mentioned in the opening brief that defendant filed in this case. Now the State, the State had a chance to respond to that argument, and it's now raising a new argument here that was not in its response brief, although it had a chance to address that argument in its response brief. So to whatever extent the State's Frisbee argument, attempt to distinguish Frisbee here carries any weight, and really it's, it has been weighed by the State for not addressing it in its brief when it could have done so, because again, Frisbee was fronted by the defendant in her opening brief. In summary, Your Honors, unless the Court has further questions, I would ask the Court to reverse the home invasion conviction and the robbery conviction of the defendant in this case. Thank you. Thank you, Your Honors. Okay, is the matter under consideration? Yes, Your Honor. Ruling in due course?